IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARRIE SAMUELS-ENG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cv-394 |
| GALLAGHER BASSETT SERVICES INC., | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT GALLAGHER BASSET SERVICES INC.'S MOTION AND MEMORANDUM TO DISMISS PLAINTIFF'S PETITION FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO EFFECT TIMELY SERVICE**

Defendant Gallagher Bassett Services Inc. ("Defendant"), by its attorneys, respectfully submits this Motion and Memorandum to Dismiss Plaintiff Carrie Samuels-Eng's ("Plaintiff" or "Samuels-Eng") Petition, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 4(m) for lack of personal jurisdiction and failure to effect timely service of the summons and complaint upon Defendant and states as follows:

**I.     INTRODUCTION**

On August 11, 2021 (more than 90 days ago), Plaintiff filed a lawsuit against Defendant in the Circuit Court of St. Charles County, Missouri.  (the "State Court Petition"). *See* St. Charles County, Missouri, State Court File, attached hereto as **Exhibit 1**. On April 4, 2022, having not been properly served by Plaintiff, Defendant removed this case from the Circuit Court of St. Charles County, Missouri (the "State Court") to this Court.  Due to Plaintiff's failure to effect timely service, the Court lacks personal jurisdiction over Defendant and, therefore, this matter must be dismissed.  *See* Fed. R. Civ. P. 4(m).

## II.   LEGAL STANDARD

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

(*Id.*).

Likewise, Rule 54.21 of the Missouri Rules of Civil Procedure provides:

> If the process cannot be served it shall be returned to the court within thirty days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended *up to ninety days* from the date of issue by order of the court.

(*Id.*) (emphasis added).

Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gasoline Co.*, 347 F.2d 921, 922 (8th Cir. 1965). Absent either waiver or proper service of process, this Court lacks personal jurisdiction over the Defendant. *See Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996); *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).

## III.   ARGUMENT

As noted above, Plaintiff filed the State Court Petition on August 11, 2021. *See* **Ex. 1**. After filing the State Court Complaint, Plaintiff never served Defendant with a summons or with a copy of the Complaint. As a result, the summons expired as it was not served to Defendant or returned to the court within 30 days after the date of issue pursuant to Rule 54.21 of the Missouri Rules of Civil Procedure. *See* **Ex. 1**.

On March 16, 2022, the State Court issued Plaintiff a Pluries Summons (*see* **Ex. 1**); however, as of the date of this Motion, Plaintiff has still not served Defendant with the Summons or a Copy of the Complaint.  Furthermore, Plaintiff has not tendered a formal request for Defendant to waive service of summons under any applicable rule or statute.  Indeed, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Elite Nurse Staffing, Inc. v. Am. Cas. Co. of Reading, Pa.*, No. 2:10-CV-04210-NKL, 2010 WL 5300926, at *5 (W.D. Mo. Dec. 20, 2010) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999)). In addition, Plaintiff has not provided the State Court with an explanation for her failure to make timely service, nor has Plaintiff filed a motion requesting an extension of time to effect service.

Plaintiff's failure to effect timely service upon Defendant within 90 days as required under Federal Rule of Civil Procedure 4(m) and Missouri Rule of Civil Procedure 54.21 prevents this Court from asserting personal jurisdiction over Defendant. Plaintiff filed the State Court Complaint over 200 days ago, and Defendant has yet to be served with a valid summons or complaint. *Cf. Edwards v. Edwards*, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam) (affirming dismissal where summons and complaint had not been served 170 days after the filing of the complaint). Without personal jurisdiction, the Court cannot adjudicate Plaintiff's claim. *See Boyko v. Robinson*, 321 F. App'x 526, 527 (8th Cir. 2009) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). Accordingly, the Court must dismiss Plaintiff's Complaint for lack of personal jurisdiction for failure to timely serve Defendant.

Case: 4:22-cv-00394-SPM   Doc. #:  4   Filed: 04/04/22   Page: 4 of 6 PageID #: 66

## IV. <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, Defendant Gallagher Bassett Services Inc. respectfully requests that this Court dismiss Plaintiff Carrie Samuels-Eng's Complaint, in its entirety, for lack of personal jurisdiction, and for failure to effect timely service under Rules 12(b)2 and 4(m). Defendant also requests that this Court grant any other relief this Court deems appropriate.
---

## IV. <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, Defendant Gallagher Bassett Services Inc. respectfully requests that this Court dismiss Plaintiff Carrie Samuels-Eng's Complaint, in its entirety, for lack of personal jurisdiction, and for failure to effect timely service under Rules 12(b)2 and 4(m). Defendant also requests that this Court grant any other relief this Court deems appropriate.

Case: 4:22-cv-00394-SPM   Doc. #:  4   Filed: 04/04/22   Page: 4 of 6 PageID #: 66

Respectfully submitted,

**TUETH KEENEY COOPER MOHAN & JACKSTADT, P.C.**

By: /s/ *Mollie G. Mohan*
Mollie G. Mohan, # 64754
34 N. Meramec, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 880-3600
Facsimile: (314) 880-3601
mmohan@tuethkeeney.com

ICE MILLER LLP
Charles E. Bush II
*Pro Hac Vice Admission forthcoming*
Sloan Holladay-Crawford
*Pro Hac Vice Admission forthcoming*
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
Charles.bush@icemiller.com
Sloan.holladay-crawford@icemiller.com


ICE MILLER LLP
Kyle T. Finnegan
*Pro Hac Vice Admission forthcoming*
200 West Madison Street, Suite 3500
Chicago, IL, 60606-3417
Phone: (312) 726-8130
Fax: (312) 726-8132
Kyle.finnegan@icemiller.com

*Attorneys for Defendant*
*Gallagher Bassett Services Inc.*

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and correct copy of the foregoing was sent via the Court's electronic filing system and via electronic mail on this 4th day of April 2022, upon the following:

Mark E. Blankenship
3407 S. Jefferson Avenue
St. Louis, MO 63118
mark@ott.law

                */s/ Mollie G. Mohan*