



Search for Cases by: Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print          GrantedPublicAccess   Logoff MOLLIEGMOHAN

**2111-CC00696 - CARRIE SAMUELS ENG V GALLAGHER BASSETT SERVICES (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ○ Descending  ● Ascending

Display Options: All Entries

---

**08/11/2021** ☐ Judge Assigned

☐ **Pet Filed in Circuit Ct**
Petition; Exhibit A MCHR Right to Sue; Exhibit B EEOC Right to Sue.
**Filed By:** MICHELLE KATHERINE FARON
**On Behalf Of:** CARRIE SAMUELS-ENG

☐ Filing Info Sheet eFiling
**Filed By:** MICHELLE KATHERINE FARON

**08/12/2021** ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-1366, for GALLAGHER BASSETT SERVICES INC. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. EPP

**09/27/2021** ☐ **Alias Summons Requested**
Alias Summons Request.
**Filed By:** MICHELLE KATHERINE FARON
**On Behalf Of:** CARRIE SAMUELS-ENG

**09/30/2021** ☐ Judge/Clerk - Note
COURT REQUIRES ORIGINAL SUMMONS RETURN BEFORE ISSUING ALIAS SUMMONS. THANK YOU. EPP

**12/19/2021** ☐ **Notc Change of Address Filed**
Notice of Change of Contact Information for Plaintiffs Counsel.
**Filed By:** MICHELLE KATHERINE FARON
**On Behalf Of:** CARRIE SAMUELS-ENG

**12/29/2021** ☐ **Alias Summons Requested**
Alias Summons Request.
**Filed By:** MICHELLE KATHERINE FARON
**On Behalf Of:** CARRIE SAMUELS-ENG

**12/30/2021** ☐ Judge/Clerk - Note
COURT REQUIRES ORIGINAL SUMMONS RETURN BEFORE ISSUING ALIAS SUMMONS. THANK YOU. EPP

**02/11/2022** ☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.

EXHIBIT 1

      **Filed By:** MARK EDWARD BLANKENSHIP
      **On Behalf Of:** CARRIE SAMUELS-ENG

☐ **Notice of Service**
   Non-est Return Summons; Electronic Filing Certificate of Service.
      **Filed By:** MARK EDWARD BLANKENSHIP
      **On Behalf Of:** CARRIE SAMUELS-ENG

☐ **Summons Returned Non-Est**
   Document ID - 21-SMCC-1366; Served To - GALLAGHER BASSETT SERVICES INC; Server - ;
   Served Date - 14-FEB-22; Served Time - 00:00:00; Service Type - Other; Reason Description - Non-est

02/16/2022 ☐ **Request for Records Filed**
   REQUEST FOR COPY OF DOCUMENTS FROM JAYME ANGELONI WITH ICE MILLER LLP -
   EMAILED 2-16-22 SD

03/03/2022 ☐ **Motion of Withdrawl of Counsel**
   Withdrawal of J. Clayton Schaeffer Michelle K. Faron; Electronic Filing Certificate of Service.
      **Filed By:** MICHELLE KATHERINE FARON
      **On Behalf Of:** CARRIE SAMUELS-ENG

03/16/2022 ☐ **Alias Summons Requested**
   Request for Issuance of New Summons; Electronic Filing Certificate of Service.
      **Filed By:** MARK EDWARD BLANKENSHIP
      **On Behalf Of:** CARRIE SAMUELS-ENG

☐ **Pluries Summons Issued**
   Document ID: 22-SMCC-550, for GALLAGHER BASSETT SERVICES INC.SUMMONS SAVED AND
   ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET.

Case.net Version 5.14.50      [Return to Top of Page](#)      Released 03/10/2022

**2111-CC00696**

EXHIBIT

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **CARRIE SAMUELS-ENG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.** |
| | ) | |
| **v.** | ) | **Division No.** |
| | ) | |
| **GALLAGHER BASSETT SERVICES INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Serve at:** | ) | |
|    **Registered Agent:** | ) | |
|      **221 Bolivar Street** | ) | |
|      **Jefferson City, MO 65101** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW, Plaintiff, Carrie Samuels-Eng (hereinafter "***Plaintiff***"), by and through her counsel, for her complaint against Defendant Gallagher Bassett Services Inc. (hereinafter "***Defendant***"), respectfully shows the Court and alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for damages to redress the deprivation of rights secured to Plaintiff by the Missouri Human Rights Act (hereinafter "***MHRA***"), the Americans with Disabilities Act of 1990 (hereinafter "***ADA***") 42 U.S.C. §§ 12101 et seq., and the Family Medical Leave Act (hereinafter "***FMLA***") 29 U.S.C. §§ 2601 et seq.

2.     The unlawful employment practices described herein were committed within the State of Missouri, in Defendant's offices in St. Charles County, Missouri.

3.     Prior to filing this action, Plaintiff timely filed her written charge asserting disability discrimination with the Equal Employment Opportunity Commission (hereinafter "***EEOC***") and Missouri Commission on Human Rights (hereinafter "***MCHR***").

**EXHIBIT 1**

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

4.      On or about May 18, 2021, the MCHR issued a Right to Sue.  A copy of said Right to Sue is attached hereto and marked as Exhibit "A."  Said Exhibit "A" is incorporated herein as though herein set forth in full.

5.      On or about June 5, 2021, the EEOC issued a Right to Sue.  A copy of said Right to Sue is attached hereto and marked as Exhibit "B."  Said Exhibit "B" is incorporated herein as though herein set forth in full.

6.      In conformance with law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving her right to sue letter from the MCHR and within two years after Defendant willfully violated Plaintiff's rights under MHRA.

7.      In conformance with law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving her right to sue letter from the EEOC and within two years after Defendant willfully violated Plaintiff's rights under ADA.

8.      In conformance with law, Plaintiff has filed this action within two years after Defendant willfully violated Plaintiff's rights under FMLA.

<u>PARTIES</u>

9.      At all times herein mentioned Plaintiff was a female citizen of the United States and a resident of the County of Saint Charles, State of Missouri.

10.     Plaintiff is a person entitled to protection pursuant to the provisions of RSMo. § 213.010(5), or alternatively or conjunctively 42 U.S.C. § 12111(8).

11.     Additionally, Plaintiff is a person entitled to protection pursuant to the provisions of 29 U.S.C. § 2611(2)(a).

12.     Defendant is an Illinois Corporation who conducts business in the state of Missouri.

13.     Defendant was the "employer" of Plaintiff within the meaning of RSMo.

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

**EXHIBIT 1**

§ 213.010(8) at all times relevant to this action.

14.     Furthermore, Defendant was the "employer" of Plaintiff within the meaning of 42 U.S.C. § 12102(5)(A) and within the meaning of 29 U.S.C. § 26114(a).

FACTS

15.     Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs 1-15.

16.     At the time of termination of her employment, plaintiff was employed by Defendant as a resolution manager. Plaintiff worked out of the principal office as identified in numbered paragraph 6 above. At all times relevant herein, defendant employs at least 75 individuals.

17.     Plaintiff began working for Defendant on February 21, 2017, as a Resolution Manager.

18.     Plaintiff's job duties generally included investigating insurance claims to ascertain the extent of liability on behalf of an insurance company. She gathered factual evidence, interviewed claimants and witnesses, to determine the value of a claim.

19.     Plaintiff has been diagnosed with multiple sclerosis.

20.     Multiple sclerosis (hereinafter "**MS**") is a disease of the brain and spinal cord (central nervous system). In MS, the immune system attacks the protective sheath (myelin) that covers nerve fibers and causes communication problems between your brain and the rest of your body.

21.     Plaintiff is an individual with a disability within the meaning of the MHRA and the ADA, who was subjected to discrimination with respect to the terms, conditions or privileges of her employment, because of her disability, record of disability and/or perceived disability in violation of the MHRA and the ADA.

22.     Plaintiff's disability inhibits a major life activity.

**EXHIBIT 1**

23.     Plaintiff is a member of the class of people intended to be protected by the MHRA and the ADA.

24.     Plaintiff was qualified to perform the essential functions of the job.

25.     At all times relevant herein, Plaintiff satisfactorily performed her job and met the expectations of Defendant.

26.     In the fall and winter of 2019, Plaintiff and her colleagues on the "Michaels Companies, Inc. Account" (hereinafter "***Michaels' Account***") complained to their supervisor, Alexander Milshteyn (hereinafter "***Milshteyn***"), and to the Assistant Vice President, Coy Jacobs, that they were overworked.

27.     The "Michaels' Account" was supposed to consist of 5 managers.  Due to one manager being capped on the total number of claims and being primary for another client, as well as a team member quitting in September 2019, the team was short-staffed.

28.     The "Michaels' Account" managers were regularly working both weekend days, until late at night, and while on vacation.

29.     In January of 2020, Mili Chada (hereinafter "***Chada***") began working on the "Michaels' Account", but she had never worked as a resolution manager.

30.     Plaintiff was tasked with training Chada.

31.     At approximately the same time, Plaintiff's neurologist advised Plaintiff that she needed to limit her working hours to no more than 8 hours a day.

32.     Plaintiff typically worked 60+ hours a week and such a workweek functionally prevents and precludes sufficient time for doctors' appointments.  However, with a 40-hour-week, Plaintiff can work late or on weekends and still be able to attend follow up doctor appointments.

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

**EXHIBIT 1**

33.     On January 10, 2020, Plaintiff advised her supervisor, Milshteyn, that she needed an accommodation.

34.     Milshteyn stated that Plaintiff needed to make the request in writing so he could forward it to his supervisor, Jon Byman, who was the Assistant Branch Manager.

35.     On January 14, 2020, Plaintiff e-mailed her request for accommodation to Milshteyn. The request stated:

> As you are aware, I have been having some medical concerns directly related to my neurological condition….my neurologist suggested that immediate reprieve from the extensive hours by working a regular eight-hour day. As such, I am asking for an accommodation to work a normal eight-hour day...

36.     By late January, Plaintiff had not received any response to her request for an accommodation, so she followed up with Milshteyn.

37.     On January 24, 2020, Plaintiff asked Milshteyn again about the accommodation request.

38.     Milshteyn stated that Plaintiff needed to contact Hartford, who was Defendant's long-term and short-term disability insurer.

39.     As instructed Plaintiff contacted Hartford but was advised that Hartford does not address/support ADA accommodation requests.

40.     Hartford suggested that Plaintiff call Defendant's Human Resource Department, which she did on the same day.

41.     Plaintiff then called Defendant's general Human Resource Department, but they refused to help and directed Plaintiff to call her local Human Resource representative Jessica Letson (hereinafter "***Letson***").

42.     As instructed, Plaintiff called and left a voicemail for Letson, who was Defendant's Human Resource representative in the St. Louis metropolitan area.

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

**EXHIBIT 1**

43.     After getting the run-around on January 24, 2020, Plaintiff emailed Milshteyn recapping all of the hoops she jumped through in an effort to get an accommodation.

44.     Because she could not get a timely accommodation, Plaintiff applied for and received a two-week leave of absence under FMLA.

45.     Plaintiff's leave of absence began on or about January 27, 2020.

46.     Plaintiff returned to work on or about February 10, 2020.

47.     When Plaintiff returned, she discovered that she was being moved off the Michaels' Account.

48.     Plaintiff also learned that Rosalyn Harris, who was a Senior Resolution Manager, and Donna Bowden, who was also a Senior Resolution Manager, had quit, and that Milshteyn had given his notice of resignation.

49.     Plaintiff was tasked with assisting the new supervisor, Alan Spray (hereinafter "***Spray***"), on the Michaels account.

50.     On February 12, 2020, Plaintiff again called the Human Resource Department because her work restriction was not being accommodated and she still had not heard about her accommodation request from January.

51.     This time she talked to Karen Cole (hereinafter "***Cole***"), who was the Senior Benefits Specialist / Leave Administrator.

52.     Cole advised Plaintiff that the request for an accommodation needed to (a) come from Plaintiff's healthcare provider, (b) be in a sealed envelope and then mailed in another envelope to Cole, (c) so Cole can provide the sealed envelope to Legal Counsel for review.

53.     On February 19, 2020, Cole contacted Plaintiff and stated her 8-hour workday restriction would be accommodated.

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

**EXHIBIT 1**

54.     After hearing from Cole, Plaintiff contacted Milshteyn and asked how the accommodation would work.  For instance, did Milshteyn want Plaintiff to work certain hours and/or did he want to transfer files?

55.     In response, Milshteyn stated, "Accommodation is one thing, performance is another… I don't make you work more than 8 hours."

56.     Reading between the lines, Plaintiff understood Milshteyn to be saying that he was not going to limit her workflow in order to limit her work hours; thus, he was not accommodating her medical restriction.

57.     Soon after this conversation, Plaintiff spoke with Letson to complain about Milshteyn's failure to grant the accommodation.

58.     After Plaintiff recapped her conversation with Milshteyn, Letson did not offer any solution.

59.     In early March, Plaintiff began working on the Menards Account.

60.     Only two managers, Chada and Josh Stobart, remained on the Michaels account.

61.     While on the Menards account, Plaintiff took over the desk of a Senior Resolution Manager.

62.     In late April, Plaintiff received a meeting invite for May 1, 2020.

63.     On May 1, 2020, on a telephone call with Coy Jacobs and Elaine Burkemper, Plaintiff was informed that there was a 30% reduction in claims and due to having less work, Plaintiff's employment was being terminated.

64.     Despite her request, Defendant would not tell Plaintiff the factors that were considered in deciding who would be terminated.

65.     Plaintiff also received a letter that stated, "As part of the Company's regular business

EXHIBIT 1

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

operations, we review staffing levels in relation to revenue and margin. Recently, this analysis showed a need to realign the Company's staffing levels to remain competitive. Thus, the Company is making efforts to reduce its work force to meet business challenges and to reduce its costs. In connection with these efforts, the Company is terminating your employment effective May 15, 2020."

STATEMENT OF CLAIMS
COUNT ONE: DEFENDANT VIOLATED THE MISSOURI HUMAN RIGHTS ACT

66.     Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "65.," inclusive, herein.

67.     Defendant's stated reason for Plaintiff's termination was pretext for discrimination based on Plaintiff's actual disability, perceived disability and/or record of disability.

68.     Plaintiff's disability or being perceived as having a disability were a motivating factor Defendant taking Plaintiff off of the Michaels' Account.

69.     Plaintiff's disability or being perceived as having a disability were a motivating factor in Defendant's failure to accommodate Plaintiff's reasonable accommodation request.

70.     Plaintiff's disability or being perceived as having a disability were a motivating factor in Plaintiff's termination.

71.     Plaintiff's request for a medical leave of absence due to her disability was a motivating factor in Plaintiff's termination.

72.     Plaintiff's discharge was humiliating, emotionally traumatic, and depressing, as it would be to any person in the same circumstances, and she claims and seeks damages for that injury in any sum the jury finds to be reasonable and appropriate.

73.     The conduct of Defendants in discharging Plaintiff was willful, wanton, and malicious.  It was motivated by hatred, spite or ill will towards Plaintiff, and it was undertaken in

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

conscious reckless disregard for her rights and the rights and interests of the public that the statutes and regulations herein were designed to protect.  Defendants knew and anticipated, or should have known and anticipated, that discharging Plaintiff under these circumstances would cause the emotional and psychological injuries described.

74.     As a consequence of Defendants' actions, Plaintiff has suffered, and continues to suffer, emotional and psychological distress, anxiety, stress, embarrassment, humiliation, pain and suffering.  Defendants knew or should have known and reasonably anticipated, that discharging Plaintiff under the circumstances heretofore described would cause the emotional and psychological injuries aforesaid.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.     For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.     For a money judgment representing punitive damages for Defendant's willful violations of law;

C.     For a money judgment representing prejudgment interest, if applicable;

D.     That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable MHRA provisions;

E.     For lost monies and damages pertaining to out-of-pocket expenses; and

F.     For reasonable attorneys' fees; and expenses.

<u>COUNT TWO: DEFENDANT VIOLATED THE MISSOURI HUMAN RIGHTS ACT</u>

75.     Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "74.," inclusive, herein.

76.     Plaintiff alleges that Defendant's unlawful and discriminatory termination of her

EXHIBIT 1

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

employment in retaliation for her filing of a grievance of disability discrimination violate the provisions of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.070., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said Defendant.

77.    Plaintiff's report of about Milshteyn's failure to grant the accommodation was a motivating factor in Plaintiff's termination.

78.    Plaintiff's discharge was humiliating, emotionally traumatic, and depressing, as it would be to any person in the same circumstances, and she claims and seeks damages for that injury in any sum the jury finds to be reasonable and appropriate.

79.    The conduct of Defendants in discharging Plaintiff was willful, wanton, and malicious.  It was motivated by hatred, spite or ill will towards Plaintiff, and it was undertaken in conscious reckless disregard for her rights and the rights and interests of the public that the statutes and regulations herein were designed to protect.  Defendants knew and anticipated, or should have known and anticipated, that discharging Plaintiff under these circumstances would cause the emotional and psychological injuries described.

80.    As a consequence of Defendants' actions, Plaintiff has suffered, and continues to suffer, emotional and psychological distress, anxiety, stress, embarrassment, humiliation, pain and suffering.   Defendants knew or should have known and reasonably anticipated, that discharging Plaintiff under the circumstances heretofore described would cause the emotional and psychological injuries aforesaid.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.    For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

EXHIBIT 1
Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

B.    For a money judgment representing punitive damages for Defendant's willful violations of law;

C.    For a money judgment representing prejudgment interest, if applicable;

D.    That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable MHRA provisions;

E.    For lost monies and damages pertaining to out-of-pocket expenses; and

F.    For reasonable attorneys' fees; and expenses

COUNT THREE: DEFENDANT VIOLATED THE AMERICANS WITH DISABILITIES ACT, AS AMENDED, 42 U.S.C. §§12101 et seq.

81.    Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "80.," inclusive, herein.

82.    Plaintiff alleges that Defendant unlawfully and discriminatorily terminated Plaintiff's employment on account of her disability or disabilities and said actions violate the provisions of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said Defendant.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.    For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.    For a money judgment representing punitive damages for Defendant's willful violations of law;

C.    For a money judgment representing prejudgment interest, if applicable;

D.    That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

**EXHIBIT 1**

reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable ADA provisions;

E.     For lost monies and damages pertaining to out-of-pocket expenses; and

F.     For reasonable attorneys' fees; and expenses.

COUNT FOUR: DEFENDANT VIOLATED THE AMERICANS WITH DISABILITIES ACT, AS AMENDED, 42 U.S.C. §§12203 et seq.

83.     Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "82.," inclusive, herein.

84.     In addition, Plaintiff alleges that Defendant's unlawful and discriminatory termination of her employment in retaliation for her complaining about Milshteyn's failure to grant the accommodation, which was a grievance of non-compliance with the Americans with Disabilities Act violate the provisions of the Americans With Disabilities Act, as amended, 42 U.S.C. §§ 12203 et seq., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said Defendant.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.     For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.     For a money judgment representing punitive damages for Defendant's willful violations of law;

C.     For a money judgment representing prejudgment interest, if applicable;

D.     That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable ADA provisions;

E.     For lost monies and damages pertaining to out-of-pocket expenses; and

F.     For reasonable attorneys' fees; and expenses.

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

**EXHIBIT 1**

## COUNT FIVE: DEFENDANT VIOLATED THE FAMILY AND MEDICAL LEAVE ACT

85.     Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "84." inclusive, herein.

86.     Defendant is an employer covered by the FMLA pursuant to 29 U.S.C. §2601 et seq. because it is a private business that employed fifty or more employees for each working day for at least twenty workweeks in the year prior to Plaintiff's leave.

87.     Plaintiff is an FMLA-eligible employee because she was employed by Defendant for prior to requesting FMLA leave and had been employed by Defendant for over 1,250 hours in the twelve-month period prior to her request.

88.     At all times herein relevant, Plaintiff was an eligible employee on an approved FMLA leave for a serious health condition under 29 U.S.C. § 2611 (2)(A), and 29 U.S.C. § 2612(a)(l)(A),(D).

89.     Prior to requesting FMLA leave, Plaintiff was successfully performing her job duties to the reasonable expectations of Defendant.

90.     Plaintiff engaged in conduct protected under the FMLA by requesting and taking medical leave.

91.     Plaintiff's attempted and/or actual exercise of her rights under the FMLA was a motivating factor in Defendants' decision to retaliate against and wrongfully terminate Plaintiff in violation of the FMLA.

92.     Due to Plaintiff's request for leave under FMLA, Defendant terminated her employment in violation of 29 U.S.C. § 2615(a).

93.     In addition, Plaintiff alleges that defendant's unlawful termination or constructive termination of her employment violates the laws of the Family and Medical Leave Act of 1993,

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

**EXHIBIT 1**

29 U.S.C. §§ 2601 et seq. justifying an award, inter alia, of back pay, interest, special damages (if applicable), and any and all other damages that she is entitled to under law against defendant.

WHEREFORE, Plaintiff respectfully prays for judgment against defendant as follows:

A.  For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.  For a money judgment representing punitive damages for defendant's willful violations of law;

C.  For a money judgment representing prejudgment interest, if applicable;

D.  Reinstatement and restoration of benefits;

E.  For reasonable attorneys' fees, costs, and expenses;

F.  That this Court retain jurisdiction over this action until defendant has fully complied with the orders of this Court, and that this Court require defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable ADA and FMLA provisions;

G.  For lost monies and damages pertaining to out-of-pocket expenses; and

H.  For further, other, and additional relief as the Court deems proper.

<u>JURY DEMAND</u>

94.  Plaintiff herein demands a trial by jury of all issues in this action.

**McMICHAEL, LOGAN, SCHAEFFER, & GILPIN**

By:     _/s/ Michelle K. Faron_

**EXHIBIT 1**

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

J. Clayton Schaeffer, #MO67444
Michelle K. Faron, #MO68058
Attorneys for Plaintiff
12166 Old Big Bend Rd., Suite 99
Kirkwood, MO 63122
(636) 532-1400 Office
(888) 823-1441 Facsimile
<u>clay@mcmichael-logan.com</u>
<u>michelle@mcmichael-logan.com</u>

211111CC00696
EXHIBIT A

FE-7/20-32063
Administrative User/Records

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**

# MISSOURI COMMISSION ON HUMAN RIGHTS

| **MICHAEL L. PARSON**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **MARTHA STAGGS**<br>COMMISSION CHAIR | **ALISA WARREN, PH.D.**<br>EXECUTIVE DIRECTOR |
|---|---|---|---|

May 18, 2021

Carrie Samuels-Eng
1745 Michaelwood Ct.
St. Charles, MO 63303
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE: Samuels-Eng vs. Gallagher Bassett Services, Inc.
FE-7/20-32063    560-2020-02182

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)



| JEFFERSON CITY OFFICE | ST. LOUIS OFFICE | KANSAS CITY OFFICE | SIKESTON OFFICE |
|---|---|---|---|
| 421 E. DUNKLIN ST. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

**EXHIBIT 1**

RE:    Samuels-Eng vs. Gallagher Bassett Services, Inc.
FE-7/20-32063     560-2020-02182

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.


Respectfully,


Alisa Warren, Ph.D.
Executive Director


Gallagher Bassett Services, Inc.
Human Resources Director
300 St. Peters Centre Blvd., Ste. 200
St. Peters, MO  63376


Michelle Faron, Associate Attorney
McMichael, Logan, Schaeffer & Gilpin
12166 Old Big Bend Road, Suite 99
Kirkwood, MO 63122
*Via Email*

☑

JEFFERSON CITY OFFICE
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐

ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐

KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐

SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov

**211-CC00696**

**EXHIBIT N**

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   **Carrie Samuels-Eng**<br>      **1745 Michaelwood Ct.**<br>      **Saint Charles, MO 63303** | From:   **St. Louis District Office**<br>         **1222 Spruce Street**<br>         **Room 8.100**<br>         **Saint Louis, MO 63103** |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **560-2020-02182** | **Damian Rodriguez,**<br>**Investigator** | **(314) 798-1921** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Alfred C. Kirk Jr.**   Digitally signed by Alfred C. Kirk Jr.<br>Date: 2021.06.05 15:41:22 -05'00'

Enclosures(s)

For:   **Lloyd J. Vasquez, Jr.,**<br>       **District Director**

*(Date Issued)*

cc:

**Brian McCarthy**
**Chief Employment Counsel**
**ARTHUR J. GALLAGHER & CO.**
**2850 Golf Rd.**
**Rolling Meadows, IL 60008**

**Heather R. Adams**
**ICE MILLER LLP**
**200 West Madison Street**
**Suite 3500**
**Chicago, IL 60606**

**Michelle K. Faron**
**MCMICHAEL, LOGAN, SCHAEFFER, & GILPIN**
**12166 Old Big Bend Rd.**
**Suite 99**
**Kirkwood, MO 63122**

Enclosure with EEOC
Form 161-B (11/2020)

**EXHIBIT 1**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office.  If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Electronically Filed - St Charles Circuit Div - August 11, 2021 - 06:40 PM

EXHIBIT 1

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

 ➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
 ➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"**  now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
 ➢ **Only one** major life activity need be substantially limited.
 ➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
 ➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
 ➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
 ➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
 ➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
 ➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
 ➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**EXHIBIT 1**



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DANIEL G PELIKAN | **Case Number:  2111-CC00696** |
| Plaintiff/Petitioner:<br>CARRIE SAMUELS-ENG | Plaintiff's/Petitioner's Attorney/Address<br>MICHELLE KATHERINE FARON<br>12166 OLD BIG BEN RD<br>SUITE 99<br>KIRKWOOD, MO  63122 |
| vs. | |
| Defendant/Respondent:<br> GALLAGHER BASSETT SERVICES INC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **GALLAGHER BASSETT SERVICES INC**
        **Alias:**

**300 ST. PETERS CENTRE BLVD.**
**SUITE 200**
**ST PETERS, MO  63376**
*COURT SEAL OF*

*ST. CHARLES COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____8/12/2021_____         _____/S/  Cheryl Crowder_____
            Date                                                       Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
        Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____         _____
                                    Date                                     Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT 1**

STATE OF MISSOURI                 )
                                       ) ss.
ST. CHARLES COUNTY, MISSOURI     )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution.  The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute.  The mediator is impartial and has no authority to render a decision or impose a resolution on the parties.   During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office.  If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve.  If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

**EXHIBIT 1**

STATE OF MISSOURI           )
                                      ) ss.
ST. CHARLES COUNTY, MISSOURI  )

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____ )
                    Plaintiff(s),  )
                               )
vs.                             )        Cause #_____
                               )
_____ )
                  Defendant(s).  )

### CONSENT TO MEDIATION FORM

        I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____ We do not consent to the referral of this case to mediation.

                                     _____
                                     Signature

                                     _____
                                     (Print Name)

                                     Attorney for:

                                     _____
                                     (Party or Parties)

Date: _____

**EXHIBIT 1**

Electronically Filed - St Charles Circuit Div - September 27, 2021 - 11:40 AM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **CARRIE SAMUELS-ENG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.**        2111-CC00696 |
| | ) | |
| **v.** | ) | **Division No.** |
| | ) | |
| **GALLAGHER BASSETT SERVICES INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

### SUMMONS REQUEST

COMES NOW, Plaintiff, and respectfully requests an Alias Summons be issued for the service of the petition and discovery upon Gallagher Bassett Services Inc., at their registered agent Prentice-Hall Corp. System at 221 Bolivar Street, Jefferson City, MO 65101 to be served by the sheriff.

Respectfully submitted,

**McMICHAEL, LOGAN, SCHAEFFER & GILPIN**

*/s/ Michelle K. Faron*
J. Clayton Schaeffer, #67444
Michelle K. Faron, #68058
12166 Old Big Bend Rd., Suite 99
Kirkwood, MO 63122
(636) 532-1400 Office
(888) 823-1441 Facsimile
clay@mcmichael-logan.com
michelle@mcmichael-logan.com
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I certify that on this 27th day of September, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties of record.

*/s/ Michelle K. Faron*

**EXHIBIT 1**

Electronically Filed - St Charles Circuit Div - December 19, 2021 - 02:32 PM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **CARRIE SAMUELS-ENG,** | ) |
| | ) |
| **Plaintiff,** | ) **Cause No.      2111-CC00696** |
| | ) |
| **v.** | ) **Division No.** |
| | ) |
| **GALLAGHER BASSETT SERVICES INC.** | ) |
| | )      **JURY TRIAL DEMANDED** |
| **Defendants.** | ) |

### CHANGE OF CONTACT INFORMATION FOR ATTORNEY

COMES NOW, **Michelle K. Faron and the Law Firm of McMichael, Logan, Schaeffer & Gilpin**, attorneys for claimant, and notifies this Court and all counsel of record of the firm's change of address and phone number.  The new address and phone number is as follows:

> 7710 Carondelet Ave
> Suite 217
> Clayton, MO 63105
> 314-492-2577

McMICHAEL, LOGAN, SCHAEFFER, GILPIN

By:     /s/ Michelle K. Faron
Clayton Schaeffer, #67444 MO
Michelle K. Faron, #68058 MO
7710 Carondelet Ave, Suite 217
Clayton, MO 63105
(p): 314-492-2577
(f): 888-823-1441
clay@mcmichael-logan.com
michelle@mcmichael-logan.com
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 19, 2021, the foregoing document was filed using the Court's electronic filing system and was served, via email Court's electronic filing system to all parties of record.

/s/ J. Clayton Schaeffer

**EXHIBIT 1**

Electronically Filed - St Charles Circuit Div - December 29, 2021 - 03:39 PM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **CARRIE SAMUELS-ENG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.       2111-CC00696** |
| | ) | |
| **v.** | ) | **Division No.** |
| | ) | |
| **GALLAGHER BASSETT SERVICES INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

### SUMMONS REQUEST

COMES NOW, Plaintiff, and respectfully requests an Alias Summons be issued for the

service of the petition and discovery upon Gallagher Bassett Services Inc., at their registered

agent Prentice-Hall Corp. System at 221 Bolivar Street, Jefferson City, MO 65101 to be served

by the sheriff.  In preparing the Alias Summons, Plaintiff respectfully request that the court clerk

indicate the registered agent and service address on the summons.

Respectfully submitted,

**McMICHAEL, LOGAN, SCHAEFFER & GILPIN**

*/s/ Michelle K. Faron*
J. Clayton Schaeffer, #67444
Michelle K. Faron, #68058
7710 Carondelet Ave. Suite 217
Clayton, MO 63105
(314) 492- 2577Office
(888) 823-1441 Facsimile
clay@mcmichael-logan.com
michelle@mcmichael-logan.com
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I certify that on this 29th day of December 2021, the foregoing was filed electronically
with the Clerk of the Court to be served by operation of the Court's electronic filing system on
all parties of record.

**EXHIBIT 1**

Electronically Filed - St Charles Circuit Div - December 29, 2021 - 03:39 PM

*/s/ Michelle K. Faron*

**EXHIBIT 1**

Electronically Filed - St Charles Circuit Div - February 11, 2022 - 01:34 PM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| CARRIE SAMUELS-ENG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2111-CC00696 |
| vs. | ) | |
| | ) | Division: |
| GALLAGHER BASSETT | ) | |
| SERVICES, INC. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

### ENTRY OF APPEARANCE

COMES NOW Mark E. Blankenship Jr., an attorney at Ott Law Firm, and hereby enters his appearance on behalf of Plaintiff in the above captioned matter.


Respectfully  submitted,


**OTT LAW FIRM**

Mark E. Blankenship, #73123
3407 S. Jefferson Avenue
St. Louis, MO 63118
Telephone:  (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

Electronically Filed - St Charles Circuit Div - February 11, 2022 - 01:38 PM

**EXHIBIT 1**



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DANIEL G PELIKAN | **Case Number:  2111-CC00696** |
| Plaintiff/Petitioner:<br>CARRIE SAMUELS-ENG | Plaintiff's/Petitioner's Attorney/Address<br>MICHELLE KATHERINE FARON<br>12166 OLD BIG BEN RD<br>SUITE 99<br>KIRKWOOD, MO  63122 |
| vs. | |
| Defendant/Respondent:<br> GALLAGHER BASSETT SERVICES INC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  GALLAGHER BASSETT SERVICES INC**
**Alias:**

**300 ST. PETERS CENTRE BLVD.**
**SUITE 200**
**ST PETERS, MO  63376**

***COURT SEAL OF***

***ST. CHARLES COUNTY***

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____8/12/2021_____         _____/S/  Cheryl Crowder_____
Date                                                                 Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____         _____
Date                                                   Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

EXHIBIT 1

# FILED

FEB 16 2022

CIRCUIT CLERK
ST. CHARLES COUNTY

| | |
|---|---|
| Subject: | Copy Request for Civil Case |
| From: | "Jayme.Angeloni@icemiller.com" |
| To: | "circuit11.closedfiles@courts.mo.gov" |
| Date: | 02/15/2022 05:52 PM |

Hello,

I would like to request a copy of the below filed in case number 2111-CC00696 on February 11, 2022. Can you please advise if this email is the correct contact for the request, the fees for the copies, and how to pay by credit card? Thank you for your assistance.

- Appearance of Mark E. Blankenship for Plaintiff
- Summons Returned Non-Est
- Notice of Service of Non-Est Return Summons

Thank you!



**Jayme Angeloni**
Hub Assistant
Jayme.Angeloni@icemiller.com
p 630-955-4258 f 630-955-0662
Pronouns: she/her
Ice Miller LLP
2300 Cabot Drive
Suite 455
Lisle, IL 60532
To learn more about the firm and its services, visit us at
**icemiller.com**


EXPLORE HERE

***********************************************************************
***********************************************************************

CONFIDENTIALITY NOTICE: This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system.
Thank you.

**EXHIBIT 1**

Electronically Filed - St Charles Circuit Div - March 03, 2022 - 03:03 PM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **CARRIE SAMUELS-ENG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.**      **2111-CC00696** |
| | ) | |
| **v.** | ) | **Division No.** |
| | ) | |
| **GALLAGHER BASSETT SERVICES INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

### MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL

Michelle K. Faron, J. Clayton Schaeffer, and the office of McMichael, Logan, Schaeffer &

Gilpin request withdrawal as counsel for Plaintiff.  Plaintiff consents to the withdrawal.  Mark E.

Blankenship and Ott Law Firm are currently representing the Plaintiff..

WHEREFORE, Michelle K. Faron, J. Clayton Schaeffer, and the office of McMichael,

Logan, Schaeffer & Gilpin request to withdrawal as Plaintiff's counsel.

Respectfully submitted,

McMICHAEL, LOGAN, SCHAEFFER, GILPIN

By:     */s/ Michelle K. Faron*
        J. Clayton Schaeffer, #67444MO
        Michelle K. Faron, #68058MO
        Attorneys for Plaintiff
        7710 Carondelet Ave., Suite 217
        Clayton, MO 63105
        (314) 492-2577 Phone
        (888) 823-1441 Facsimile
        clay@mcmichael-logan.com
        michelle@mcmichael-logan.com
        Attorneys for Plaintiff

**EXHIBIT 1**

## <u>CERTIFICATE OF SERVICE</u>

    The undersigned hereby certifies that on March 3, 2022, the foregoing, *Plaintiff's Motion to Withdraw as Counsel*, was filed with the Clerk of this Court via the court's electronic filing system.  Pursuant to Mo. R. Civ. P. 103.8, service on registered users will be accomplished by the electronic filing system.  I understand that at least one attorney of record for each party is a registered user.

    */s/ Michelle K. Faron*

Electronically Filed - St Charles Circuit Div - March 03, 2022 - 03:03 PM

**EXHIBIT 1**

Electronically Filed - St Charles Circuit Div - March 16, 2022 - 10:11 AM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

CARRIE SAMUELS-ENG                  )
                                    )
      Plaintiff,                    )
                                    )   Case No. 2111-CC00696
vs.                                 )
                                    )   Division:
GALLAGHER BASSETT                   )
SERVICES, INC.                      )
                                    )   JURY TRIAL DEMANDED
      Defendant.                    )

## REQUEST FOR ISSUANCE OF NEW SUMMONS

    COMES NOW, Mark E. Blankenship Jr., and Ott Law Firm on behalf of the Plaintiff

Carrie Samuels-Eng, and requests that an alias/pluries/new summons be issued for Defendant

Gallagher Bassett Services.


                          **OTT LAW FIRM**

                          *Mark Edward Blankenship*

                          Mark E. Blankenship, #73123
                          3407 S. Jefferson Avenue
                          St. Louis, MO 63118
                          Telephone:  (314) 293-3756
                          Facsimile: (314) 689-0080
                          joe@ott.law
                          mark@ott.law
                          *Attorneys for Plaintiff*

**EXHIBIT 1**



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DANIEL G PELIKAN | **Case Number:  2111-CC00696** |
| Plaintiff/Petitioner:<br>CARRIE SAMUELS-ENG | Plaintiff's/Petitioner's Attorney/Address<br>MICHELLE KATHERINE FARON<br>7710 CARONDELET AVE<br>SUITE 217<br>CLAYTON, MO  63105 |
| vs. | |
| Defendant/Respondent:<br> GALLAGHER BASSETT SERVICES INC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  GALLAGHER BASSETT SERVICES INC**
                    **Alias:**

**300 ST. PETERS CENTRE BLVD.**
**SUITE 200**
**ST PETERS, MO  63376**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| | |
|---|---|
| _____3/16/2022_____ | _____/S/  Cheryl Crowder_____ |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                                Date                                Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.