UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARRIE SAMUELS-ENG, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-CV-00394-SPM |
| GALLAGHER BASSETT SERVICES INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Gallagher Basset Services Inc.'s Motion and Memorandum to Dismiss Plaintiff's Petition for Lack of Personal Jurisdiction and Failure to Effect Timely Service. (Doc. 4). The motion has been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21). For the following reasons, the motion will be denied, and Plaintiff will be given thirty days to serve Defendant.

**I.  BACKGROUND**

On August 11, 2021, Plaintiff filed a lawsuit against Defendant in the Circuit Court of St. Charles County, Missouri, alleging unlawful employment practices under federal and state law. (Def.'s Ex. 1, Doc. 4-1, at 1). On August 12, 2021, a Summons was issued. (*Id.*). On August 30, 2021, Plaintiff's counsel sent a letter to the Cole County Sheriff's Department enclosing two copies of the Summons and Petition to be served upon Defendant at its registered agent's address, along with a check to cover the cost of service. (Pl.'s Ex. E, Doc. 16-5). On September 27, 2021, Plaintiff filed a Summons Request in the state court, requesting an Alias Summons be issued. (Pl.'s Ex. A, Doc. 16-1). On September 30, 2022, a note in the state court docket states, "Court requires original summons return before issuing alias summons." (Def.'s Ex. 1, Doc. 4-1,

at 1). On December 9, 2021, although no summons return appears in the docket, Plaintiff again filed a Summons Request in state court, requesting an Alias Summons be issued. (Pl.'s Ex. B, Doc. 16-2; Def.'s Ex. 1, Doc. 4-1, at 1). Again, on December 30, 2021, a note in the state court docket states, "Court requires original summons return before issuing alias summons." (Def.'s Ex. 1, Doc. 4-1, at 1).

On February 11, 2022, Plaintiff's current counsel entered his appearance in state court. (*Id.* at 1-2). On the same date, the docket sheet states, "Summons Returned Non-Est." (*Id.* at 2). Around March 1, 2022, Plaintiff's former counsel experienced a sudden medical emergency and was forced to withdraw from many of her cases. (Pl.'s Resp., Doc. 16, at 3). Around that time, Plaintiff's current counsel assumed control of the case. (*Id.* at 6). On March 1, 2022, Plaintiff's new counsel emailed an assistant at Ice Miller (Defendant's counsel's law firm), stating, "I tried giving you a call a while back" and asking whether they would accept service of process by email. (Pl.'s Ex. G, Doc. 16-7). Plaintiff states that her counsel tried "many times" to contact this legal assistant, "to no avail," despite the fact that that legal assistant had contacted the court on February 16 to request copies of materials filed in the case. (Pl.'s Resp., Doc. 16, at 6; Pl.'s Ex. F, Doc. 16-6). Plaintiff also states that she attempted service of process via the director of insurance, who Plaintiff states is appointed to receive service on behalf of all foreign authorized insurance companies, in any action instituted in any court of the state of Missouri, in accordance with R.S. Mo. §§ 375.256, 375.261, and 375.906. (Pl.'s Resp., Doc. 16, at 6). On March 16, 2022, Plaintiff requested an Alias Summons, and the state court issued a Pluries Summons. (Def.'s Ex. 1, Doc. 4-1, at 2).

On April 4, 2022, Defendant removed this case to this Court based on both federal question jurisdiction and diversity jurisdiction. On the same date, Defendant filed the instant motion. As of that date, Defendant had not been served with a summons or copy of the Petition,

and Plaintiff had not tendered a formal request for Defendant to waive service of summons under any applicable rule or statute. Defendant asserts that Plaintiff has also not provided the state court with an explanation for the failure to make timely service, nor has Plaintiff filed a motion requesting an extension of time to effect service.

On April 18, 2022, after this motion was filed, Plaintiff's counsel emailed a Waiver of the Service of Summons form to Defendant's counsel that Plaintiff appears to have completed and signed on behalf of Defendant, along with a copy of the Petition. (Def.'s Ex. 1 to Reply, Doc. 20-1, at 2-3). On April 19, 2022, Defense counsel responded with an email stating, "We are not authorized to waive service of summons." (Def.'s Ex. 2, Doc. 20-2, at 2).

Defendant argues that because Plaintiff filed to effect timely service upon Defendant within 90 days of filing the complaint, as Defendant asserts was required by Federal Rule of Civil Procedure 4(m) and Missouri Supreme Court Rule 54.21, this Court "must dismiss Plaintiff's Complaint for lack of personal jurisdiction for failure to timely serve Defendant." (Def.'s Mot., Doc. 4, at 3). The Court will assume the motion is brought under Rule 12(b)(2) of the Federal Rules of Civil Procedure, which permits a party to assert by motion the defense of lack of personal jurisdiction, and Rule 12(b)(5), which permits a party to assert by motion the defense of insufficient service of process.

## II.   DISCUSSION

Defendant argues that this case should be dismissed for lack of personal jurisdiction because Plaintiff did not properly serve Defendant under the relevant rules. Defendant's argument that the Court lacks personal jurisdiction over it is based entirely on its argument that it has not been properly served. *See Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant."). Defendant relies on both Missouri rules and federal rules for its argument that

Plaintiff was not timely served. However, Defendant filed this motion on the date of removal, and all of the facts underlying the motion occurred while the case was pending in state court. It is well established that in a removed case, "the sufficiency of service of process prior to removal is determined by state law, and after removal, by federal law." *Barner v. Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015) (internal citation omitted). Thus, the Court begins with an analysis of whether the lack of service while the action was pending in state court warrants dismissal.

For its argument that Plaintiff failed to timely serve Defendant under Missouri law, Defendant relies on Missouri Supreme Court Rule 54.21, which provides:

> The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within thirty days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

Mo. Sup. Ct. R. 54.21. Defendant argues that Plaintiff did not timely comply with this rule because Plaintiff did not serve the summons (issued in August 2021) promptly, did not return the summons to the court within thirty days after the date of issue with a statement of the reason for the failure to serve the same, and did not obtain an extension of up to 90 days from the date of issue. Defendant argues that Plaintiff therefore failed to timely serve Defendant, and the case must be dismissed.

Plaintiff does not dispute that she did not follow the steps set forth above. But she argues that Rule 54.21, unlike Rule 4(m) of the Federal Rules of Civil Procedure,[1] does not place a time

---

[1] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

limit on service of a petition and does not require dismissal if service is not effected within a particular time frame. Plaintiff argues that instead, Rule 54.21 simply describes the time when a particular summons becomes invalid and the time period during which a court could extend that time. Plaintiff argues that a Missouri court could issue a new summons under the Rule, and that this Court could also issue a new summons. Plaintiff then argues that this Court should issue a new summons, pointing out that she made attempts at service and that her former counsel's medical emergency and subsequent substitution of counsel contributed to any delays in service.

The Court agrees with Plaintiff that, unlike Rule 4(m), Rule 54.21 does not specify the time period during which a summons must be served or the case dismissed, but rather addresses the time period when a particular summons is effective. Neither party has cited, and the Court has not found, any Missouri state rules or cases setting forth a standard by which the Court should evaluate whether a case should be dismissed because of a plaintiff's failure to serve a defendant within a particular time period. Two federal cases are instructive, though not dispositive. In *Boyle v. American Auto Services, Inc.*, the Eighth Circuit found that a plaintiff's failure to serve a summons within the time limits set by Rule 54.21 was a factor in evaluating a motion to dismiss the case for failure to prosecute. 571 F.3d 734 (8th Cir. 2009). In *Boyle*, the plaintiff filed the case and was issued a first summons, waited 44 months, and then served the defendant with a second summons. *Id*. at 735. No other summons was requested or issued during the 44-month period. *Id.* The defendant removed the case and moved to dismiss the case under Rule 41(b) for failure to prosecute. *Id.* The district court granted the motion, and the Eighth Circuit affirmed, finding no abuse of discretion. *Id.* at 743. In its analysis under Rule 41(b), the Eighth Circuit relied in part on the plaintiff's failure to comply with Missouri Supreme Court

---

extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Rule 54.21, noting that the plaintiff did not serve first summons within the 30-day period, did not return it to the court with a statement of reasons for failing to serve the defendant, and did not ask for a 90-day extension. *Id.* at 742. The Eighth Circuit also noted that no activity occurred in the case prior to removal, and that the plaintiff had offered no reason for the delay. *Id*. at 742-43.

In contrast, in *Welch v. BMAJ Corp.* the district court found that a failure to comply with Rule 54.21 did not warrant dismissal where the plaintiff made attempts at service during that time. No. 1:18CV224 SNLJ, 2019 WL 4305134, at *2 (E.D. Mo. Sept. 11, 2019). In *Welch*, the plaintiff filed a case in state court but did not serve the defendant until more than two years later. *Id.* at *1. Relying on *Boyle*, the defendant moved to dismiss the claim for failure to serve process and failure to prosecute, pursuant to Missouri Supreme Court Rules 54.21 and 67.03. *Id.* at *1-*2. The court distinguished *Boyle* based on its finding that it in the case before it, the plaintiff had made attempts to serve the defendant. *Id.* The court noted that the plaintiff had indicated that it had made four attempts to serve Defendant but eventually determined that the address listed for the defendant's registered agent was not correct, that the plaintiff stated that the defendant administratively dissolved and reappeared at least twice, and that the plaintiff eventually did obtain a new address for defendant. *Id.* at *2. The court also noted that "due diligence is not a strict requirement with respect to service of process." *Id.*

Neither *Boyle* nor *Welch* is on all fours with this case. *Boyle* was a failure-to-prosecute case brought under Rule 41(b), and thus does not squarely address the question of whether a lack of compliance with Missouri Supreme Court Rule 54.21, on its own, would warrant dismissal. Moreover, unlike the plaintiff in *Boyle*, Plaintiff has indicated that she made some attempts at service—Plaintiff attempted to obtain new alias summonses on several occasions (on one occasion successfully); contacted defense counsel at least once regarding the possibility of defense counsel accepting service of process; and states that she attempted service of process via

the director of insurance. This is not a situation in which the plaintiff merely filed a lawsuit and then simply did nothing for several years. Also, unlike the plaintiff in *Boyle*, Plaintiff has offered some reason for at least part of the delay—her former counsel's medical emergency and the subsequent substitution of counsel. The Court acknowledges that Plaintiff's stated attempts at service are minimal, and the reasons offered for the lack of successful service are somewhat thin, especially as compared to those offered by the plaintiff in in *Welch*. However, on balance, the Court finds the facts of this case closer to those in *Welch* than to those in *Boyle*. The Court also notes that that the delay in this case—a matter of months rather than years—is substantially shorter than either the delay in *Boyle* or the delay in in *Welch*. After weighing all of these facts in light of the guidance from the above cases, and in the absence of clear Missouri law demonstrating that the case should be dismissed under these circumstances, the Court finds that the case should not be dismissed for failure to comply with Missouri Supreme Court Rule 54.21.

Having found that Plaintiff's failure to serve Defendant while the case was pending in state court does not warrant dismissal, the Court turns to the question of whether Plaintiff's action or inaction with respect to service in federal court warrants dismissal. As discussed above, federal law applies to the evaluation of service attempts after removal. *See Barner*, 796 F.3d at 900. *See also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. In a removed case, the 90-day time for service is measured from the date of removal, not the date of filing of the state law case. *See, e.g., Taylor v. Clark Equip. Co.*, No. 4:22-CV-00201-SRC, 2022 WL

1640372, at *6 (E.D. Mo. May 24, 2022) (collecting cases and stating, "Courts have consistently held that the 90-day period [for service under Rule 4(m)] runs from the date of removal, not the date the plaintiff filed the petition in state court."). *See also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858 (7th Cir. 2018) ("For removed cases, the combined effect of § 1448 and Rule 4(m) starts the clock on the date of removal.") (citing *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011)); Charles Alan Wright & Arthur R. Miller, 4B Federal Practice & Procedure § 1137 (4th ed. 2002) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court as was true under former Rule 4(f).").

This case was removed on April 4, 2022. Thus, under Rule 4(m), Plaintiff had until July 5, 2022 to obtain timely service. Because the instant motion was filed on April 4, 2022, Plaintiff still had ample time to obtain service as of the date the motion was filed. Thus, to the extent that Defendant's motion to dismiss was based on Rule 4(m), it was premature.

The Court notes, however, that while the instant motion was pending, the deadline for timely service expired. As of the date of this order, the record does not reflect that Plaintiff has served Defendant. As discussed above, under Rule 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the Court finds good cause for the failure to serve, the Court "must extend the time for service." *Id. See also Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). "If plaintiff fails to show good cause, the court still may extend the time for service rather than dismiss the case without prejudice." *Kurka*, 628 F.3d at 957 (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). "To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Id.*

"[E]xcusable neglect is an 'elastic concept' that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka*, 628 F.3d at 959 (internal quotation marks omitted). "In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* "[T]he reason for delay is generally a key factor in the analysis." *Id.* The Court may also consider "the judicial preference for adjudication on the merits." *Id.*

Here, the Court finds that the relevant factors weigh in favor of a finding of excusable neglect that warrants a short extension of the July 5 deadline. First, it is unclear how Defendant would be significantly prejudiced by the extension, given that Defendant has been aware of Plaintiff's lawsuit since early March (or, at the latest, early April). Second, the delay between the July 5 deadline and the new deadline to be set by the Court is fairly short. Third, there is nothing in the record to suggest that Plaintiff is not acting in good faith. Fourth, it appears that the reason Plaintiff has not tried to serve Defendant since the removal may have been that she was waiting for this Court's ruling on the instant motion. Finally, the Court has considered the judicial preference for resolving cases on the merits, which weighs in favor of granting a short extension.

For all of the above reasons, the Court will give Plaintiff until thirty days from the date of this order to serve Defendant. Plaintiff must obtain any necessary summons and serve it promptly in accordance with all applicable rules. Given the delays that have already occurred, this Court does not intend to grant any additional extensions.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gallagher Basset Services Inc.'s Motion and Memorandum to Dismiss Plaintiff's Petition for Lack of Personal Jurisdiction and Failure to Effect Timely Service (Doc. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **thirty (30) days** from the date of this order to properly serve Defendant.

**No extensions to this deadline will be granted without a showing of good cause. Failure to comply with this order will result in the prompt dismissal of this case, without prejudice, without further notice.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of August, 2022.