## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CARRIE SAMUELS-ENG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-CV-00394-SPM |
| GALLAGHER BASSETT SERVICES INC., | ) ) ) |
| Defendant. | ) |

### CASE MANAGEMENT ORDER - TRACK 2 (STANDARD)

Pursuant to the Rule 16 Conference held on **December 14, 2022**,

**IT IS HEREBY ORDERED** that the parties are directed to familiarize themselves with the Local Rules of this Court and the undersigned's requirements, which can be found at http://www.moed.uscourts.gov/judges-requirements.

**IT IS FURTHER ORDERED** that the following schedule applies in this case, and will be modified only upon a showing of exceptional circumstances:

I. **SCHEDULING PLAN**

1. This case has been assigned to **Track 2**.

2. The parties do not anticipate filing any motions for joinder of additional parties or amendment of pleadings; however, any motions to amend the pleadings must be filed no later than **January 4, 2023**.

3. The parties shall make all initial disclosures required by Fed.R.Civ.P. 26(a)(1) no later than **December 23, 2022**.

4. Whenever feasible, the parties will produce all electronically stored information in bates-stamped, pdf format, except for video or audio files, and .csv or excel files, which shall be produced in native format and searchable PDF format, unless otherwise agreed to by the parties.

5. No discovery request or disclosure requirement shall be interpreted to require production or disclosure of embedded data (i.e., metadata and information

        describing the history, tracking or management of an electronically stored document), unless a specific request for such information is made.

6.     The parties may modify by written agreement any of the foregoing parameters with regard to ESI and, by agreement, will work in good faith to attempt to reach a resolution regarding any modifications to the agreed-upon parameters.

7.     The parties must comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A) if they withhold information during discovery under an assertion of privilege or of protection as trial preparation material. Inadvertent disclosure of privileged information shall be governed by Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502. By agreement of the parties, the production of privileged or protected information and documents without the intent of waiving that privilege or protection will not constitute a waiver, so long as the disclosing party identifies the inadvertently disclosed documents within a reasonable time. If such documents are identified, they will be returned promptly to the disclosing party.

8.     Plaintiff must disclose all expert witnesses and provide the reports required by Fed.R.Civ.P. 26(a)(2) no later than **March 11, 2023** and must make expert witnesses available for depositions, and have depositions completed, no later than **April 10, 2023**.

9.     Defendant must disclose all expert witnesses and provide the reports required by Fed.R.Civ.P. 26(a)(2) no later than **May 11, 2023**, and must make expert witnesses available for depositions, and have depositions completed, no later than **June 12, 2023**.

10.     The presumptive limits of ten (10) depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A) and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a) shall apply. For purposes of this limit, a deposition under Rule 30(b)(6) is deemed a single deposition even though more than one person may be designated to testify.

11.     Requests for physical or mental examinations of parties pursuant to Fed. R. Civ. P. 35 must be made no later than **May 11, 2023** and completed no later than **June 12, 2023**.

12.     The parties must complete <u>all</u> discovery in this case no later than **July 11, 2023**. The Court will hold a Case Status Conference on **June 23, 2023 at 10:00 a.m.**.

13.     All discovery motions, including motions to compel, must be pursued in a diligent and timely manner. All discovery motions must be filed no later than ten days immediately after the response is made or is due, whichever is earlier. The Court will not consider motions to compel filed more than fourteen (14) days following the discovery deadline set out above. Pursuant to L.R. 37-3.04, no motion to compel will be considered unless the parties have first attempted to

  resolve the dispute without court intervention.

14. Before filing any discovery motion, the parties must first attempt to resolve their discovery dispute in compliance with the Court's requirements and the Local Rules. If the parties are unable to reach an agreement without court intervention, they ***must*** file a joint memorandum requesting a conference. The memorandum must be filed jointly; must specify the parties' previous attempts to resolve; must stipulate (in bullet points) the issues in dispute; and must not exceed three pages in length.

15. A party may seek relief by motion and need not request a conference if (a) that party is seeking discovery from a non-party; (b) the opposing party has failed to timely respond to discovery requests or (c) the opposing party has failed to make disclosures mandated by a court order.

16. This case shall be referred to alternative dispute resolution on **June 1, 2023** and that reference shall terminate on **August 1, 2023**.

17. Any motion to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), or *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), shall be filed no later than **August 11, 2023**.

18. Any motions to dismiss, for summary judgment, or motions for judgment on the pleadings must be filed no later than **August 11, 2023**. Opposition briefs must be filed no later than **twenty-eight (28)** days after the motion is filed. Reply briefs must be filed no later than **fourteen (14)** days after the opposition briefs are filed.

**II. ORDER RELATING TO TRIAL**

1. This action must be ready for trial by no later than **February 12, 2024.**

2. The Court will issue a separate order setting a final trial date and establishing pretrial compliance deadlines following the Case Status Hearing.

Failure to comply with any part of this order may result in the imposition of sanctions.

*/s/ Shirley Padmore Mensah*
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this **14th** day of **December**, **2022**.