IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE SAMUELS-ENG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:22-cv-00394-SPM |
| vs. | ) | |
| | ) | |
| GALLAGHER BASSETT SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**<u>PROTECTIVE ORDER</u>**

During this litigation, confidential information regarding Defendant Gallagher Bassett Services, Inc.'s ("Defendant") operations as well as third parties, including Defendant's current and former employees, will be exchanged. Thus, in order to protect the confidentiality of such documents and information, Plaintiff and Defendant (collectively, the "Parties") have submitted a Joint Motion for Protective Order pursuant to <u>Fed. R. Civ. P. 26(c)</u>. For good cause shown, it is hereby ordered:

1. This Order applies to any information produced in this action either containing confidential personnel information of current or former employees of the Defendant, including Plaintiff, or information designated as confidential by any party to this action in writing or on the record during a deposition. Such information is referred to hereafter as "Confidential Information."

2. All Confidential Information shall be provided only to persons to whom disclosure is authorized hereunder. All Confidential Information shall be used by the Parties solely for the purposes of preparing for and conducting this action and not for the purpose of any other action, case or proceedings, or any other purpose, and only as provided herein, or by further Order of this Court.

1

3. Confidential Information shall not be disclosed in any manner to any person or entity except to the following:

   a. Plaintiff and her attorney(s) and Defendant (including its current and former employees) and its attorneys, attorneys regularly employed by such counsel or retained or consulted by such counsel to provide legal advice with respect to this action, clerical, paralegal and secretarial staff employed by such counsel who need to review such information in connection with the action, and insurers for the parties, including any personnel for these insurers handling matters related to this litigation;

   b. Potential witnesses (whether or not such potential witnesses actually testify or participate in any proceeding in the action) and deponents, including officers, directors, or employees of any entity other than Defendant, assisting in the evaluation, prosecution, or defense of this action. Before disclosing Confidential information to potential witnesses or deponents, provided that such potential witnesses or deponents are first given a copy of this Order and execute the Acknowledgement attached hereto and marked as **Exhibit A**, which such Acknowledgment shall be retained by counsel for the party disclosing such information to potential witnesses or deponents; or provided that such individuals agree, under oath, to be bound by this Order. Such Acknowledgment is not needed for disclosure of the party's own documents;

   d. Consultants or experts assisting a party in the evaluation, prosecution or defense of the action, provided that such persons are first given a copy of this Order and execute the Acknowledgement attached hereto and marked as **Exhibit A**, which Acknowledgement shall be retained by counsel for the party employing such consultant or

expert; or provided that such individuals agree, under oath, to be bound by this Order. Such Acknowledgment is not needed for disclosure of the party's own documents;

  e. Court reporters, persons operating video recording equipment at depositions, any special master or mediator appointed by the Court, and stenographers and their assistants employed in connection with the action;

  f. Any mediator or neutral appointed by the Court and/or chosen by the Parties;

  g. This Court and its personnel;

  h. Otherwise as required by law as determined by a Court of competent jurisdiction;

  i. Persons with prior knowledge of the documents or the Confidential Information within such documents, provided he/she is advised such information is confidential, and provided that these persons are only provided this information and/or documentation as necessary to prepare for this litigation

  j. Members of the jury.

4. Any party who inadvertently fails to identify documents as "Confidential Information" shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

5.      If Confidential Information is disclosed in violation of this Order, any party who learns of the disclosure, as well as any party who caused, permitted, or was otherwise responsible for the disclosure, shall immediately inform the affected party of all pertinent facts relating to the disclosure, and shall make every effort to prevent any further disclosure, including any disclosure by any person who received any Confidential Information in violation of this Order.

6.      Any party may request a change in the designation of any information designated "Confidential Information."  Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential Information" in the action may be affected. The party asserting that the material is Confidential Information shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

7.      No additional copies of the Confidential Information shall be made by counsel or any other person, except as necessary for the prosecution or defense of this action.

8.      This Order does not restrict the use of Confidential Information at depositions, in motions (such as discovery or dispositive motions), at mediation, and/or at trial, except as provided herein.

9.      Prior to filing any Confidential Information with the Court, the Parties shall redact any sensitive personally-identifiable information—specifically, an individual's date of birth and social security number, except that the Parties may reveal the name and title/rank of persons in documents filed with the Court.

10. Any Party who wishes to file Confidential Information under seal must comply with Local Rule 13.05A. Prior to disclosure at trial or a hearing where materials or information designated as "Confidential Information" will be used, the Parties may seek further protections against public disclosure from the Court.

11. Issues regarding the use or admissibility at trial of any Confidential Information shall be determined by the Court. Nothing herein shall be construed to affect in any manner the admissibility at trial or at any hearing before this Court of any document, testimony or other evidence. The Parties also do not waive the right to file a motion in limine regarding the use at trial of any materials or portions thereof. Nor shall anything in this Protective Order be deemed a waiver of any objection or privilege a Party may claim to the production of any documents.

12. Either party, after consultation with the other party, may apply to this Court for modification of or exception to this Order.

**IT IS SO ORDERED.**

Dated: May 4, 2023

_____
HONORABLE SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE